## Covington v. Sagot

*Allen F. Feingold,* for plaintiff.
*John F. Naulty,* for defendant.

KLEIN, *J.,* April 11, 1977 — There are before us plaintiff's preliminary objections to defendant's answer and new matter in this trespass action. The preliminary objections are in the nature of a motion to strike for failure to conform to Pa. R. C. P. 1024 for the reason that the verification to defendant's answer and new matter was taken by defendant's attorney, John F. Naulty, who is not a party to the action.

Pa. R. C. P. 1024(a) requires that every pleading containing denials shall be verified on oath or affirmation that the denials are true upon the affiant's personal knowledge or information and belief.

Pa. R. C. P. 1024(c) provides that "The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are out-

side the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by the party."

The affidavit taken by Mr. Naulty reads:

"JOHN F. NAULTY, ESQUIRE, being duly sworn according to law, deposes and says that he is counsel for Louis Sagot defendant; that he makes this affidavit on his behalf, being authorized so to do; and that the facts set forth in the foregoing are true and correct to the best of his knowledge, information and belief."

2 Goodrich-Amram 2d, Standard Pennsylvania Practice 220 points out that Rule 1024(c) narrowly limits when a third party may take the affidavit: (1) when plaintiff lacks sufficient knowledge or information or (2) where plaintiff is outside the jurisdiction of the court and cannot be reached in time. Mr. Naulty's affidavit does not set forth facts which would bring this case within either of these alternatives, nor does it otherwise comply with the requirements of Rule 1024(c). In Lehrfeld v. Ayres, 5 Chester 1 (1951), these requirements were strictly construed.

Accordingly, we enter the following

## ORDER

And now, April 11, 1977, upon consideration of the within preliminary objections, it is ordered and

decreed that the preliminary objections are sustained and defendant's answer to the complaint and new matter are stricken. Defendant has leave to file a pleading in conformity with the procedural rules within 20 days after notice of this order: Pa. R. C. P. 1028(e) and 1033.